

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-28-2006

# USA v. McIntyre

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McIntyre" (2006). *2006 Decisions.* Paper 681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1761
_____


UNITED STATES OF AMERICA

v.

ALEXIS MCINTYRE,

Appellant


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00050-1)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 16, 2006

Before:  RENDELL, VAN ANTWERPEN and WEIS, Circuit Judges.

(Filed:   July 28, 2006)

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Alexis McIntyre was convicted of conspiracy and bank robbery in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113(a) respectively. The District Court sentenced him to 60 months imprisonment, based on an advisory United States Sentencing Guidelines range as well as the other 18 U.S.C. § 3553(a) factors to be considered in light of *United States v. Booker*, 125 S. Ct. 738 (2005). The sentence imposed by the District Court lies within the guidelines range and McIntyre does not argue that the range was calculated incorrectly. On appeal, McIntyre seeks remand for resentencing because the sentence imposed was unreasonable due to the District Court's inadequate consideration of the other 18 U.S.C. § 3553(a) factors, notably, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).[1] For the reasons that follow, we will affirm.

I

On July 14, 2004, McIntyre pled guilty to the crimes of conspiracy and bank robbery. McIntyre testified that he robbed more than $70,000 from a Citizens Bank in Braddock, Pennsylvania, and that he conspired with Ms. Juantesha Purdie, a co-defendant

---

[1]We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1). See *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006). In *Cooper*, we held that an appellate court has jurisdiction to review the unreasonableness of a sentence, "whether within or outside the advisory guidelines range" pursuant to 18 U.S.C. § 3742(a)(1). *Id*. at 328.

and teller at the bank.  On January 12, 2005, after McIntyre's guilty plea but before

sentencing, the Supreme Court issued its decision in *Booker*.  The District Court

conducted two sentencing hearings on February 10 and February 25, 2005, to address

factual issues in the case that related to applying the now advisory guidelines.  At the

February 10th hearing, McIntyre testified on his own behalf.  Prior to the second hearing,

McIntyre filed two supplemental sentencing memoranda in light of *Booker*, providing the

court with supplemental materials including educational certificates and character

references for its consideration.   At the second hearing, the District Court determined that

the advisory United States Sentencing Guidelines provided for a range of 57 to 71 months

imprisonment.  The Court imposed a sentence of 60 months imprisonment for the

Conspiracy count and 63 months imprisonment for the bank robbery count, to be served

concurrently.  The District Court also ordered restitution in the amount of $70,580 to be

paid by McIntyre and his co-defendant, Ms. Purdie.

At sentencing, the District Court Judge noted several concerns he had regarding

factual issues surrounding the offenses.  The primary dispute was whether McIntyre had

acted as if he were concealing a weapon when he robbed the bank because the guidelines

allow for a three level enhancement if a dangerous weapon was brandished or possessed

(U.S.S.G. § 2B3.1(b)(2)(E)).  The District Court Judge told McIntyre at his final hearing

that he did not believe his testimony that he kept his hands on the counter at all times, and

did not cover his pocket as Mr. Massie testified.  (However, the Judge ruled that the

government failed to prove that McIntyre had brandished or possessed a weapon beyond

3

a reasonable doubt, and, therefore, the enhancement would not apply.) The District Court Judge also found other aspects of McIntyre's testimony about his actions on the morning of the crime to not be credible.

## II

McIntyre argues that the sentence imposed by the District Court was unreasonable. He argues that the District Court gave "undue deference" to the advisory sentencing guidelines and, consequently, did not adequately consider the other 18 U.S.C. § 3553(a) factors, most notably, "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

For a sentence to be reasonable under Booker, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," which include the range suggested by the sentencing guidelines. *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006); 18 U.S.C. § 3742(a)(4). Neither party disputes that, here, the District Court correctly calculated the sentencing guidelines range. We then consider whether the District Court gave "meaningful consideration" to the § 3553(a) factors and to "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id*. at 329, 332 (internal citations omitted). However, "there are no magic words that the district judge must invoke when sentencing," and the District Court need not mechanically state by rote that it has considered each of the factors when issuing a sentence. *Id*. at 332. Finally, we consider whether the District Court "reasonably applied [the § 3553(a) factors] to the circumstances of the case." *Id*. at

4

330. We apply a "deferential standard" in reviewing the District Court's application of the § 3553(a) factors and must affirm where the District Court issued a sentence "for reasons that are logical and consistent with the factors set forth in section 3553(a)." *Id.* at 330. The party that challenges the sentence has the burden of proving that it is unreasonable. *Id.* at 332.

The District Court considered and reasonably applied each of the § 3553(a) factors in imposing McIntyre's sentence. While McIntyre claims that the District Court did not adequately consider the "the nature and circumstances of the offense and the history and characteristics of the defendant," [18 U.S.C. § 3553(a)(1)], the record reflects otherwise. The District Judge stated, "I have also considered the history and characteristics of the defendant," and reviewed the supplemental materials submitted in support of McIntyre, including educational certificates and character references. The District Court also informed McIntyre that, "I have had my secretary prepare a chart with names, and relationship, and dates, of all persons who wrote to me on your behalf...[e]ach of which I have read." Appellant's App. at 204-05. The District Court took into account McIntyre's physical condition, his mental and emotional health, his personal and family data, his substance abuse history, his educational and vocational training, as well as his employment record.

Prior to concluding the final sentencing hearing, the District Court stated the following:

> The sentence is based on the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes by you, to provide the defendant with needed educational or vocational training, of which I hope you avail yourself, medical care or other correctional training in the most effective manner, and the need to provide restitution to the victim of the offense.

Appellant's App. at 232-233.

We commend the District Court on its thorough review of all the necessary factors and conclude that the sentence it imposed was reasonable.

For the foregoing reasons, we will AFFIRM the judgment of the District Court.

_____